UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:23-CV-302-CRS-RSE

KIMBERLY M.                                                                    PLAINTIFF

v.

MARTIN O'MALLEY,
*Commissioner of the Social Security Administration*[1]                        DEFENDANT

### OPINION & ORDER

The Commissioner of Social Security denied Kimberly M.'s ("Claimant's") claims for disability insurance benefits under Title II of the Social Security Act. Claimant seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The court referred this matter to U.S. Magistrate Judge Regina S. Edwards for preparation of a report and recommendation. She recommends that the Commissioner's decision be affirmed. DN 20. Claimant filed a timely Objection to the Report. DN 21. The matter is now before the court for consideration of Claimant's Objection.

In her DIB application, Claimant alleged disability because of anxiety, fibromyalgia, multiple hereditary exostosis, depression, back issues, and endometriosis. Her claim was denied initially and on reconsideration. After a telephonic hearing, an administrative law judge ("ALJ") issued a written decision concluding that Claimant was not disabled within the meaning of the Social Security Act. Claimant requested review by the Appeals Council, but her request was denied. As a result, the ALJ's decision became the Commissioner's final decision and is subject to judicial review. 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. § 422.210(a).

---

[1] Martin O'Malley is now the Commissioner of the Social Security Administration. So pursuant to FED. R. CIV. P. 25(d), he is substituted for former Acting Commissioner Kilolo Kijakazi.

The court reviews *de novo* the portions of a magistrate judge's report to which a claimant timely and specifically objects in writing. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). To be specific, objections must "pinpoint those portions of the" magistrate judge's "report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection to the entirety of the magistrate [judge's] report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Before Magistrate Judge Edwards, Claimant argued that the ALJ committed a legal error at Step Two of the sequential evaluation process by substituting "his own lay opinion" for that of the treating providers and consultative reviewers to determine that Claimant did not suffer from "a medically-determinable mental impairment, which tainted the remainder of the sequential evaluation process." Claimant's Brief, DN 11-1 at PageID# 869. Magistrate Judge Edwards rejected Claimant's argument, concluding that the ALJ properly applied the appropriate legal standards when assessing whether Claimant suffered from a medically-determinable mental impairment at Step Two and that the ALJ's subsequent evaluation was thus not tainted by error. Report, DN 20 at PageID# 907–18. Claimant objects, once again contending that the ALJ "substituted his lay opinion, in not even making a threshold finding that [Claimant] had any medically-determinable mental impairments, thus impacting his findings at all further steps of the sequential evaluation process[.]" Objection, DN 21 at PageID# 923.

Claimant's Objection is general, not specific, because it advances verbatim the same argument and directs the court to the same medical records already carefully considered by Magistrate Judge Edwards. *Compare id.* at PageID# 920–23, *with* Claimant's Brief, DN 11-1 at PageID# 864–70. Thus, Claimant has "failed to specify the findings that she believed were in error." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see Howard*, 932 F.2d at 509

(generalized objection amounts to no objection at all). Consequently, the court will overrule Claimant's Objection. *Id.*

Nonetheless, the court will briefly address why neither the ALJ nor Magistrate Judge Edwards erred in reaching their respective conclusions. It boils down to this principle: At the RFC-determination stage, an ALJ only considers the limiting effects of medically-determinable impairments. 20 C.F.R. § 404.1545(a)(2).[2] Whether an alleged impairment is medically-determinable is assessed at Step Two. *Id.* at §§ 404.1520(a)(4)(ii), 404.1521. An impairment is medically determinable based on objective-medical evidence alone. *Id.* at § 404.1521.[3] Objective-medical evidence includes "signs" and "laboratory findings," not diagnoses, medical opinions, or self-reported symptoms. *Id.* at §§ 404.1502(f), 404.1521. Where objective-medical evidence does not indicate that a claimant suffers from an alleged impairment, the impairment is not medically determinable, and the ALJ will not consider its allegedly limiting effects when determining the claimant's RFC between Steps Three and Four. *Id.* at § 404.1520a(b).[4]

Here, Claimant's medical providers and the various agency consultants noted that Claimant complained of anxiety and depression. Admin. Rec., DN 8, at PageID# 805–850 (treatment records of Dr. George W. Scott, II, M.D.); 851–41 (treatment records of Dr. Laura Cordonnier, M.D.); 515–17 (consultative record of Dr. Neetu Jose, M.D.); 506–11 (consultative record of Brittany Shaw, M.S.); 79–101 (records of the State Agency consultants). Also, certain professionals diagnosed Claimant with anxiety, depression, or both, and some opined on the limiting effects of

---

[2] ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your residual functional capacity.")

[3] ("[A] physical or mental impairment must be established by objective medical evidence from an acceptable medical source. . . . After we establish that you have a medically determinable impairment(s), then we determine whether your impairment(s) is severe.")

[4] ("If we determine that you have a medically determinable mental impairment(s), we must then . . . rate the degree of functional limitation resulting from the impairment").

same.[5] However, none of the professionals made objective-medical findings supporting Claimant's alleged mental impairments. Instead, they simply noted Claimant's self-reported symptoms.

In sum, the only evidence supporting Claimant's allegation that she suffers from anxiety and depression are her self-reported symptoms, diagnoses, and medical opinions. But an ALJ cannot find a mental impairment to be medically determinable on any of those bases: "We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)." 20 C.F.R. § 404.1521. Because Claimant's alleged anxiety and depression were not medically-determinable impairments, the ALJ properly declined to consider their limiting effects at subsequent steps of the sequential evaluation process, including the RFC-determination. Magistrate Judge Edwards reached the same correct conclusion. Report, DN 20 at PageID# 917.

Accordingly, the court **OVERRULES** Claimant's Objection, DN 21, and **ADOPTS** Magistrate Judge Edwards' well-reasoned Report, DN 20, as its opinion and incorporates it here by reference. Claimant's "Motion" for a summary judgment, DN 11, is **DENIED**.[6]

A separate judgment will be entered contemporaneously.

**IT IS SO ORDERED.**

August 6, 2024

Charles R. Simpson III, Senior Judge
United States District Court

---

[5] Drs. Scott and Cordonnier diagnosed Claimant with anxiety and depression. They did not opine on Claimant's functional limitations. Dr. Jose diagnosed Claimant with depression, but not anxiety, and Shaw diagnosed Claimant with anxiety, but not depression. Both opined on Claimant's functional limitations.

[6] Claimant's Brief accompanying her Fact & Law Summary is improperly filed and captioned as a "Motion for Summary Judgment." *See* Order, DN 10 at ¶2 ("Plaintiff must set forth his/her position by an appropriate *brief*," not by motion) (emphasis added).